**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| RENAISSANCE ACADEMY FOR MATH<br>    AND SCIENCE OF MISSOURI, INC.,<br>A Missouri Not-for-Profit Corporation<br><br>                    Plaintiff,<br><br>v.<br><br>IMAGINE SCHOOLS, INC.,<br>A Delaware Corporation<br><br>Serve Registered Agent:<br>    CSC Lawyers Incorporating Service Co.<br>    221 Bolivar Street<br>    Jefferson City, Missouri 65101<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No.<br>)<br>)    Division<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff, by and through its attorneys, James W. Tippin & Associates, and for its Complaint against Defendant, hereby states as follows:

### *Parties*

1.  Plaintiff Renaissance Academy for Math and Science of Missouri, Inc. ("Renaissance Academy") is a Missouri corporation in good standing, duly authorized to conduct business within this State.    At all times relevant herein, Plaintiff operated as a charter school in Kansas City, Jackson County, Missouri.

2.  Defendant Imagine Schools, Inc. ("Imagine Management") is a Delaware corporation in good standing.    Said Defendant is in the business of providing management services to charter schools.

### *Jurisdiction and Venue*

3.  This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).

4.  Venue is proper in this Court, in that the charter school at issue was located in the Western District of Missouri.

5.  Moreover, Defendant's acts complained of herein with respect to said charter school all occurred within the Western District of Missouri.

### *Management Contract*

6.  From 2007 - 2011, Plaintiff Renaissance Academy and Defendant Imagine Management were parties to a written Charter School Operating Agreement ("management contract").

7.  Pursuant to the terms of said management contract, in exchange for a fee paid by Plaintiff Renaissance Academy, Defendant Imagine Management agreed to provide management services to Plaintiff Renaissance Academy in the operation of Plaintiff's charter school.

8.  On or about June 30, 2011, the management contract between Plaintiff Renaissance Academy and Defendant Imagine Management was terminated, pursuant to the terms of the contract.

## COUNT I - BREACH OF FIDUCIARY DUTY - LOANS/PAYMENTS

9. Plaintiff incorporates Paragraphs 1-8 above herein by reference, as though fully set out at this point.

10. In its capacity as the management company, Defendant Imagine Management was authorized to make certain expenditures pursuant to the management contract between the parties.

11. However, during the time in which the management contract was in effect, Defendant Imagine Management also made the following expenditures of Plaintiff's funds, which were not authorized by the management contract between the parties, nor authorized by Plaintiff's Board of Directors:

    a.   From 2009 - 2011, Defendant Imagine Management paid itself, and/or its affiliated entities, the sum of $406,941.00, out of Plaintiff's funds, for reimbursement for items such as insurance premiums, payroll allocations, telecommunication costs, teacher pensions, and certain other unexplained items;

    b.   In April 2010, for the settlement of certain employment discrimination lawsuits and/or claims against it, Defendant Imagine Management paid the sum of $56,622.00; said monies were either paid out of Plaintiff's funds by Defendant Imagine Management, or Defendant Imagine Management paid said amounts out of its own funds and then reimbursed itself using Plaintiff's funds;

    c.   In March 2009 and August 2010, Defendant Imagine Management made monetary loans to one or more of its own employees totaling of $3,200.00, using Plaintiff's funds;

    d.   From October 2008 to November 2010, Defendant Imagine Management made monetary disbursements to one or more of its own employees totaling of $44,050.00, using Plaintiff's funds, including disbursements to an employee who authorized the payments herself;

    e.   the management contract between Plaintiff and Defendant Imagine Management provided for Imagine to receive a management fee equal to 12% of Plaintiff's income; in July 2008, Defendant Imagine Management took $82,460.00 more in management fees than that which was provided for in the management contract.

12. As the management company for the operation of Plaintiff's charter school, Defendant Imagine Management was placed in a position of confidence and trust by being given access to Plaintiff's financial accounts and information, operational information, and other records, documents and information pertaining to Plaintiff.

13. As the management company for the operation of Plaintiff's charter school, Defendant Imagine Management owed a fiduciary duty to Plaintiff to act in good faith to protect Plaintiff's interests and to operate in the best interests of Plaintiff.

14. Defendant Imagine Management breached its fiduciary duty to Plaintiff by using its position of trust and confidence to pay itself and/or its affiliated entities monies belonging to Plaintiff to which Defendant Imagine Management and/or its affiliated entities were not entitled.

15. Defendant Imagine Management breached its fiduciary duty to Plaintiff by using  its position of trust and confidence to use Plaintiff's monies to make unauthorized loans and disbursements to employees of Defendant Imagine Management.

16. As a direct and proximate result of Defendant Imagine Management's breach of its fiduciary duty, Plaintiff was damaged, in that, *inter alia*, said misused funds were not available to Plaintiff for proper educational, instructional, and/or operational uses.

WHEREFORE, Plaintiff prays for judgment against Defendant Imagine Schools, Inc. for damages in the amount of $593,273.00, plus the costs of the action, and for such other relief as the Court deems just and proper.

## COUNT II - BREACH OF FIDUCIARY DUTY - ORIGINAL BUILDING LEASES

17.  Plaintiff incorporates Paragraphs 1-8 above herein by reference, as though fully set out at this point.

18.  In November 2007, Plaintiff Renaissance Academy executed written lease agreements ("Leases") with SchoolHouse Finance, LLC for the leasing of two sites on which Plaintiff operated its charter school: 5000 East 17th Street, Kansas City, Missouri, and 414 Wallace, Kansas City, Missouri ("the school buildings").

19.  SchoolHouse Finance, LLC is a Virginia limited liability company in the business of leasing land and buildings to charter schools.

20.  For buildings of similar size, age, location, style, condition, and use, the average prevailing full service market rate[1] for leasing such buildings during the 2007-2009 time frame was between $8.50 - 10.00 per square foot.

21.  At the higher end of the average prevailing market rate, based on the square footage of the school buildings, Plaintiff would have been paying approximately $1.33 million in annual rent.

22.  However, during 2008-2009, pursuant to the Leases, Plaintiff was charged $12.92 per square foot for the building on one campus, and $10.97 per square foot for the building on another campus – at a cost of $1.57 million in annual rent.

23.  Moreover, during 2007-2009, in addition to the above-market rental rate that Plaintiff was required to pay, Plaintiff was also required under the Leases to pay all costs for insurance, maintenance, and property taxes for the buildings, and an escalation amount based on the annual Consumer Price Index increase, which averaged an additional 3.00% of the base rent per year.

---

[1] "Full service market rate" means that the price per square foot includes the tenant's allocation, if any, for costs incurred by the building owner for taxes, insurance, and maintenance.

24. The terms of Plaintiff's Leases with SchoolHouse Finance were negotiated on Plaintiff's behalf by Defendant Imagine Management.

25. However, Defendant Imagine Management failed and neglected to inform Plaintiff that Defendant Imagine Management and SchoolHouse Finance are actually related companies.

26. At all times relevant herein, both companies shared the same address; shared officers, directors, and/or shareholders/members; and worked together in several other instances to lease buildings to charter schools.

27. Defendant Imagine Management breached its fiduciary duty to Plaintiff by using its position of trust and confidence to negotiate, with its own sister company, Leases which required Plaintiff to pay above-market rates for the leasing of the school buildings – to the detriment of Plaintiff, and to the benefit of Defendant's sister entity.

28. Defendant Imagine Management breached its fiduciary duty to Plaintiff by using its position of trust and confidence to negotiate, with its own sister company, Leases which required Plaintiff *(instead of the building owner–Defendant's sister entity)* to also pay all costs for insurance, maintenance, and property taxes for the school buildings, and an additional escalation amount over and above the base rent.

29. Defendant Imagine Management breached its fiduciary duty to Plaintiff by initially failing to disclose to Plaintiff, and by continually failing to disclose to Plaintiff throughout the term of the Leases, that Defendant Imagine Management and SchoolHouse Finance are actually related companies, and that Defendant Imagine Management was negotiating and entering into business transactions with its own sister company.

30.  As a direct and proximate result of Defendant Imagine Management's breach of its fiduciary duty, Plaintiff paid to Defendant's sister entity approximately $234,000.00 more in rents during 2008-2009 than Plaintiff would have paid even at the higher end of the average prevailing market rate.

31.  As a direct and proximate result of Defendant Imagine Management's breach of its fiduciary duty, during 2007-2009, Plaintiff paid to Defendant's sister entity additional amounts for insurance, maintenance, and property costs totaling $426,372.00 under terms which were extremely favorable to Defendant's sister entity, as well as an additional escalation amount over and above the base rent in the amount of $84,826.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Imagine Schools, Inc. for damages in an amount exceeding $745,198.00, plus the costs of the action, and for such other relief as the Court deems just and proper.

## COUNT III - BREACH OF FIDUCIARY DUTY - AMENDED BUILDING LEASES

32.  Plaintiff incorporates Paragraphs 1-8 above herein by reference, as though fully set out at this point.

33.  In or around May 2009, Plaintiff Renaissance Academy executed amended written lease agreements ("Amended Leases") with SchoolHouse Finance for the leasing of the school buildings.

34.  For buildings of similar size, age, location, style, condition, and use, the average prevailing full service market rate[2] for leasing such buildings during the 2009-2011 time frame was between $8.50 - 10.00 per square foot.

---

[2] "Full service market rate" means that the price per square foot includes the tenant's allocation, if any, for costs incurred by the building owner for taxes, insurance, and maintenance.

35. At the higher end of the average prevailing market rate, based on the square footage of the school buildings, Plaintiff would have been paying approximately $1.33 million in annual rent.

36. However, during 2009-2011, pursuant to the Amended Leases, Plaintiff was charged $13.33 per square foot for the building on one campus, and $10.07 per square foot for the building on another campus – at a cost of $1.52 million in annual rent.

37. Moreover, during 2009-2011, in addition to the above-market rental rate that Plaintiff was required to pay, Plaintiff was also required under the Amended Leases to pay all costs for insurance, maintenance, and property taxes for the buildings, and an escalation amount based on the annual Consumer Price Index increase, which averaged an additional 3.75% of the base rent per year.

38. The terms of Plaintiff's Amended Leases with SchoolHouse Finance were negotiated on Plaintiff's behalf by Defendant Imagine Management.

39. However, Defendant Imagine Management failed and neglected to inform Plaintiff that Defendant Imagine Management and SchoolHouse Finance are actually related companies.

40. At all times relevant herein, both companies shared the same address; shared officers, directors, and/or shareholders/members; and worked together in several other instances to lease buildings to charter schools.

41. Defendant Imagine Management breached its fiduciary duty to Plaintiff by using its position of trust and confidence to negotiate, with its own sister company, Amended Leases which required Plaintiff to pay above-market rates for the leasing of the school buildings – to the detriment of Plaintiff, and to the benefit of Defendant's sister entity.

42. Defendant Imagine Management breached its fiduciary duty to Plaintiff by using its position of trust and confidence to negotiate, with its own sister company, Amended Leases which required Plaintiff *(instead of the building owner–Defendant's sister entity)* to also pay all costs for insurance, maintenance, and property taxes for the school buildings, and an annual escalation amount over and above the rent.

43. Defendant Imagine Management breached its fiduciary duty to Plaintiff by initially failing to disclose to Plaintiff, and by continually failing to disclose to Plaintiff throughout the term of the Amended Leases, that Defendant Imagine Management and SchoolHouse Finance are actually related companies, and that Defendant Imagine Management was negotiating and entering into business transactions with its own sister company.

44. As a direct and proximate result of Defendant Imagine Management's breach of its fiduciary duty, Plaintiff paid to Defendant's sister entity over $366,000.00 more in rents during 2009-2011 than Plaintiff would have paid even at the higher end of the average prevailing market rate.

45. As a direct and proximate result of Defendant Imagine Management's breach of its fiduciary duty, during 2009-2011, Plaintiff paid to Defendant's sister entity additional amounts for insurance, maintenance, and property costs totaling $235,876.00 under terms extremely favorable to Defendant's sister entity, as well as an additional escalation amount over and above the base rent in the amount of $114,079.00.

WHEREFORE, Plaintiff prays for judgment against Defendant Imagine Schools, Inc. for damages in an amount exceeding $715,955.00, plus the costs of the action, and for such other relief as the Court deems just and proper.

## COUNT IV - UNJUST ENRICHMENT

46. Plaintiff incorporates Paragraphs 1-45 above herein by reference, as though fully set out at this point.

47. During a portion (2008-2011) of the time that Defendant Imagine Management was breaching its fiduciary duty to Plaintiff by engaging in the acts set forth above, Plaintiff paid Defendant Imagine Management management fees totaling $3,533,794.02.

48. Defendant Imagine Management received and appreciated the benefit of said management fees.

49. Defendant Imagine Management accepted and retained the benefit of said management fees under inequitable and unjust circumstances.

50. It would be inequitable and unjust for Defendant Imagine Management to retain the benefit of said management fees given the fact that Defendant Imagine Management:

    a. paid itself, and/or its affiliated entities, from 2009-2011, the sum of $406,941.00, out of Plaintiff's funds, for reimbursement for items such as insurance premiums, payroll allocations, telecommunication costs, teacher pensions, and certain other unexplained items;

    b. for the settlement of certain employment discrimination lawsuits and/or claims against it, paid the sum of $56,622.00; said monies were either paid out of Plaintiff's funds by Defendant Imagine Management, or Defendant Imagine Management paid said amounts out of its own funds and then reimbursed itself using Plaintiff's funds;

    c. made monetary loans to one or more of its own employees totaling of $3,200.00, using Plaintiff's funds;

    d. made monetary disbursements to one or more of its own employees totaling of $44,050.00, using Plaintiff's funds, including disbursements to an employee who authorized the payments herself;

    e. took $82,460.00 more in management fees than that which was provided for in the management contract;

f. negotiated leases, purportedly on Plaintiff's behalf, with Defendant's own sister entity, under which Plaintiff was required to pay Defendant's sister entity approximately $234,000 more in rent than Plaintiff would have paid even at the higher end of the average prevailing market rate;

g. negotiated leases, purportedly on Plaintiff's behalf, with Defendant's own sister entity, under which Plaintiff paid Defendant's sister entity additional amounts for insurance, maintenance and taxes totaling $426,372.00, under terms extremely favorable to Defendant's sister entity;

h. negotiated leases, purportedly on Plaintiff's behalf, with Defendant's own sister entity, under which Plaintiff paid Defendant's sister entity an annual escalation amount over and above the rent totaling approximately $84,826.00;

i. negotiated amended leases, purportedly on Plaintiff's behalf, with Defendant's own sister entity, under which Plaintiff was required to pay Defendant's sister entity over $366,000 more in rent than Plaintiff would have paid even at the higher end of the average prevailing market rate;

j. negotiated amended leases, purportedly on Plaintiff's behalf, with Defendant's own sister entity, under which Plaintiff paid Defendant's sister entity additional amounts for insurance, maintenance and taxes, under terms extremely favorable to Defendant's sister entity;

k. negotiated amended leases, purportedly on Plaintiff's behalf, with Defendant's own sister entity, under which Plaintiff paid Defendant's sister entity an annual escalation amount over and above the rent totaling approximately $114,079.00;

l. initially failed to disclose to Plaintiff, and continually failed to disclose to Plaintiff throughout the terms of the Leases and Amended Leases, that Defendant Imagine Management and SchoolHouse Finance are actually related companies, and that Defendant Imagine Management was engaged in business transactions with its own sister company.

51. The management fees paid by Plaintiff to Defendant Imagine Management should be refunded and returned to Plaintiff to prevent Defendant Imagine Management from being unjustly enriched by its own wrongful acts and deeds.

WHEREFORE, Plaintiff prays for judgment against Defendant Imagine Schools, Inc. for damages in the amount of $3,533,794.02, plus the costs of the action, and for such other relief as the Court deems just and proper.

## COUNT V - CONVERSION OF PROPERTY

52. Plaintiff incorporates Paragraphs 1-8 above herein by reference, as though fully set out at this point.

53. In its capacity as Plaintiff's management company, Defendant Imagine Management was given access to, and possession of, Plaintiff's books, records, files, and other documents and information pertaining to Plaintiff.

54. On or about June 30, 2011, the management contract between Plaintiff and Defendant Imagine Management was terminated, pursuant to the terms of the contract.

55. Thereafter, Plaintiff made demand of Defendant Imagine Management for the return of said books, records, files, and other documents to Plaintiff.

56. Defendant Imagine Management has failed, neglected, and otherwise refused to return said items to Plaintiff.

57. As a direct and proximate result of Defendant Imagine Management's actions, Plaintiff suffered damages, including being wrongfully divested of its property.

WHEREFORE, Plaintiff prays for judgment against Defendant Imagine Schools, Inc. (i) for immediate possession of the books, records, files, and other documents and information belonging to Plaintiff; (ii) for the immediate return of said items to Plaintiff by Defendant Imagine Schools;

(iii) for damages to Plaintiff for the conversion of its property; (iv) for the costs of this action; and (v) for such other relief as the Court deems just and proper.

## **COUNT VI - RICO**
### *[18 U.S.C. §1962(c)]*

58.  Plaintiff incorporates Paragraphs 1-8 and 17-51 above herein by reference, as though fully set out at this point.

59.  SchoolHouse Finance, LLC is a Virginia limited liability company in the business of leasing land and buildings to charter schools.

60.  Defendant Imagine Management and SchoolHouse Finance are sister entities.  Both companies share the same address; share officers, directors, shareholders/members, and legal counsel.

61.  The association-in-fact between Defendant Imagine Management and SchoolHouse Finance constitutes an enterprise under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961, et seq.

62.  At all times relevant herein, through the commission of the predicate acts set forth hereinbelow and/or by use of the interstate telephones, wires, and/or mail, said enterprise was engaged in interstate commerce and in activities affecting interstate commerce.

63.  Defendant, in furtherance of the enterprise, directly and/or indirectly participated in the conduct of the enterprise's affairs through a continuous pattern of racketeering activity, on more than two occasions, for the unlawful purpose of intentionally defrauding Plaintiff as follows:

a. Defendant *(as agent for Plaintiff)* negotiated building leases with its own sister company, which said leases required Plaintiff to pay to Defendant's sister company:

    i. above-market rates for the leasing of school buildings;

    ii. additional costs for taxes; insurance and maintenance;

    iii. an escalation amount over and above the rent.

The terms of the leases negotiated by Defendant, purportedly on Plaintiff's behalf, were onerous and detrimental to Plaintiff, yet were extremely lucrative and beneficial to Defendant's sister entity. Defendant fraudulently concealed from Plaintiff the fact that the entity with which Defendant was making these detrimental arrangements was Defendant's own sister company.

b. Every month from 2008 through 2011, via bank wire transfer and/or the United States mail, Defendant Imagine Management used Plaintiff's funds to transmit to Defendant's sister entity, SchoolHouse Finance, payments pursuant to the onerous and unfavorable lease terms Defendant had negotiated, purportedly on Plaintiff's behalf, with Defendant's own sister entity. Defendant transmitted said payments to its sister entity each month while fraudulently concealing from Plaintiff the fact that the entity to whom Defendant was transmitting Plaintiff's funds was Defendant's own sister entity.

c. Each day during the time that the management contract between Plaintiff and Defendant was in force (2007 - 2011), Defendant breached its ongoing and continuing duty to Plaintiff by fraudulently concealing from Plaintiff the fact that the entity with whom Defendant had negotiated purportedly on Plaintiff's behalf, and the entity to whom payments were being regularly made, was in fact Defendant's own sister entity.

64.  Defendant Imagine Management used the interstate telephones, wires, and/or mail, to perpetrate the foregoing fraudulent scheme, and to conceal from Plaintiff the fact that the entity with whom Defendant had negotiated purportedly on Plaintiff's behalf, and to whom Defendant was transmitting payments using Plaintiff's funds, was Defendant's own sister entity.

65.  Pursuant to and in furtherance of its fraudulent scheme, Defendant committed multiple related acts of mail fraud pursuant to 18 U.S.C. §1341, and/or wire fraud pursuant to 18 U.S.C. §1343, by use of the interstate telephones, wires, and/or mail to commit the acts set forth above in, among other respects, the following instances and particulars:

a.  Bank wire transfers in the amount of $57,867 from Bank of America Account Number 003490669427 (Kensington) to "SchoolHouse Finance, LLC" occurring monthly from July 2008 to May 2009.

b.  Bank wire transfers in the amount of $73,108 from Bank of America Account Number 003490666967 (Wallace) to "SchoolHouse Finance, LLC" occurring monthly from July 2008 to May 2009.

c.  Bank wire transfers in the amount of $59,712 from Bank of America Account Number 003490669427 (Kensington) to "SchoolHouse Finance, LLC" occurring monthly from June 2009 to June 2011.

d.  Bank wire transfers in the amount of $67,043 from Bank of America Account Number 003490666967 (Wallace) to "SchoolHouse Finance, LLC" occurring monthly from June 2009 to June 2011.

e.  Bank wire transfer in the amount of $4,010 in January 2008 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

f.  Bank wire transfer in the amount of $259,087 in March 2008 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

g.  Bank wire transfer in the amount of $51,817 in April 2008 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

h.   Bank wire transfer in the amount of $388,285 in June 2008 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

i.   Bank wire transfer in the amount of $552,024 in June 2009 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

j.   Bank wire transfer in the amount of $523,498 in June 2009 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

k.   Bank wire transfer in the amount of $558,185 in June 2010 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

l.   Bank wire transfer in the amount of $678,889 in June 2010 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

m.   Bank wire transfer in the amount of $200,951 in June 2011 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

n.   Bank wire transfer in the amount of $317,048 in June 2011 from Bank of America Account Number(s) 003490669427 (Kensington) and/or 003490666967 (Wallace) to "Imagine Schools, Inc."

o.   E-mail correspondence dated April 7, 2009 from Defendant's Regional Finance Manager, Lavon Bush, to Plaintiff's Board Chairman, Tomika Booker, requesting that Plaintiff execute the Amended Leases.

p.   E-mail correspondence dated April 7, 2009 from Defendant's General Counsel, Isabel Berio, to Defendant's Regional Finance Manager, Lavon Bush, discussing the need for Plaintiff to execute the Amended Leases, and the need for approval of Amended Leases by Entertainment Properties (see Paragraphs 67e and 67f, *supra*).


66.   The above and foregoing actions are part of a continuing common plan and scheme which has been effectuated by Defendant Imagine Management across the country.

67. In several cities across the country, including but not limited to Kansas City, Missouri; St. Louis, Missouri; Melbourne, Florida; Tampa Bay, Florida, Land O'Lakes, Florida; Fort Wayne, Indiana; and Las Vegas, Nevada, Defendant Imagine Management and SchoolHouse Finance engaged in the following pattern of activity:

    a. Imagine Management would establish a charter school in a local community, to be funded with public dollars;

    b. Although charter schools are supposed to be operated by independent boards of directors from the local community, Imagine Management would hand-pick some or all of the board of directors for its charter school;

    c. Imagine Management's hand-picked board of directors would then retain an attorney, also selected by Imagine Management;

    d. Imagine Management's sister entity, SchoolHouse Finance, would purchase an old vacant building to be leased to the charter school;

    e. After making necessary improvements to the school building, SchoolHouse Finance would then sell the building to Kansas City-based Entertainment Properties for a hefty profit;

    f. SchoolHouse Finance would then lease the building back from Entertainment Properties at lease rate substantially higher than market rate for similar properties;

    g. SchoolHouse Finance would then sublet the building, at an even higher rental rate, to the charter school, pursuant to a sublease "negotiated" on behalf of the charter school by Imagine Management *(SchoolHouse Finance's sister entity)*;

h.   Said rents, often 2-3 times the prevailing market rate, were to be paid by the charter school out of public dollars received through federal funding;

i.   In addition, Imagine Management would also "negotiate" the lease terms such that a charter school would pay, in addition to rent, the building's taxes, insurance, maintenance, and other costs under terms which were extremely favorable to SchoolHouse Finance;

j.   Moreover, Imagine Management would also "negotiate" the lease terms such that a charter school would pay to SchoolHouse Finance, in addition to rent, an escalation amount over and above the base rent, based on the annual Consumer Price Index increase – terms which were extremely favorable to SchoolHouse Finance.

k.   Said additional expenses were to be paid by the charter school to SchoolHouse Finance also out of public dollars received through federal funding.

68. In each case nationwide, in the course of communicating with the charter schools via mail, telephone, or electronic mail, Imagine Management concealed, hid, or otherwise failed to advise or disclose to the charter schools that SchoolHouse Finance, the party with whom Imagine Management was "negotiating" the onerous lease terms, was actually its sister entity.

69. In each case nationwide, in the course of communicating with the charter schools via mail, telephone, or electronic mail, Imagine Management concealed, hid, or otherwise failed to advise or disclose to the charter schools that its sister entity, SchoolHouse Finance, was engaging in an ongoing practice of leasing buildings from Entertainment Properties at rates substantially above market rates, then passing those inflated lease rates onto the charter schools, to be paid for by public dollars.

70. Defendant Imagine Management operates approximately 75 charter schools in 13 states nationwide and the District of Columbia. Since 2007, Defendant Imagine Management and SchoolHouse Finance have followed the above-described pattern of activity with respect to all or substantially all of its schools. Defendant will continue to utilize the mail, the telephone, and electronic mail in furtherance of its fraudulent enterprise.

71. As a direct and proximate result of Defendant's racketeering activities, Plaintiff's business and property were injured, in that Plaintiff was forced to pay:

   a. above-market rates for the leasing of school buildings totaling over $600,000.00 more in rents during 2008-2011 than Plaintiff would have paid at the higher end of the average prevailing market rate;

   b. over $662,248.00 in insurance, maintenance, taxes and property costs under lease terms which were extremely favorable to Defendant's sister entity *(SchoolHouse Finance)*;

   c. additional escalation amounts, over and above the base rent, totaling approximately $198,905.00, pursuant to lease terms which were extremely favorable to Defendant's sister entity *(SchoolHouse Finance)*;

   d. management fees totaling $3,533,794.02, which Defendant Imagine Management billed and received from Plaintiff during the time Defendant was using Plaintiff's funds to pay Defendant's sister entity pursuant to the onerous lease terms that Defendant negotiated with Defendant's own sister entity, and during which time Defendant was continually failing to disclose to Plaintiff the true relationship between Defendant and its sister entity.

WHEREFORE, Plaintiff prays for judgment against Defendant Imagine Schools, Inc. for damages in the amount of $4,994,947.02, trebled, for a total of $14,984,841.06; reasonable attorney's fees; plus the costs of this action; and for such other relief as the Court deems just and proper.

## COUNT VII - RICO
*[18 U.S.C. §1962(d)]*

72. Plaintiff incorporates Paragraphs 58-71 above herein by reference, as though fully set out at this point.

73. Defendant, in furtherance of the enterprise, conspired with SchoolHouse Finance to participate, and did itself directly and/or indirectly participate, in the conduct of the enterprise's affairs through a continuous pattern of racketeering activity, on more than two occasions, for the unlawful purpose of intentionally defrauding Plaintiff as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant Imagine Schools, Inc. for damages in the amount of $4,994,947.02, trebled, for a total of $14,984,841.06; reasonable attorney's fees; plus the costs of this action; and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all counts herein.

   s/  Keith A. Cutler
_____

| | |
|---|---|
| KEITH A. CUTLER | MO #36370 |
| DANA TIPPIN CUTLER | MO #36377 |
| JAMES W. TIPPIN | MO #25110 |

21 West Gregory Boulevard
Kansas City, Missouri 64114-1105
(816) 471-8575
(816) 421-0243 - FAX
kcutler@tippinlawfirm.com

ATTORNEYS FOR PLAINTIFF