# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

RENAISSANCE ACADEMY FOR MATH )
AND SCIENCE OF MISSOURI, INC., )
                                                           )
           Plaintiff,            )
                                                           ) No. 4:13-CV-00645-NKL
     v.                               )
                                                     )
IMAGINE SCHOOLS, INC.,          )
                                                     )
          Defendant.           )
                                                     )

# ORDER

In November 2007, Plaintiff Renaissance Academy for Math and Science, a charter school, and Imagine Schools, a charter school management company, entered into an agreement in which Imagine Schools agreed to provide management services to Renaissance for the operation of its charter school. After the termination of their agreement, Renaissance filed this lawsuit against Imagine Schools alleging breach of fiduciary duty (Counts I-III), unjust enrichment (IV), conversion (V), and violations of the Racketeer Influenced Corrupt Organizations Act (RICO) (VI-VII). Before the Court is Imagine Schools' Motion for Partial Summary Judgment on Counts VI and VII of Renaissance's Amended Complaint, [Doc. 52]. The primary issue raised by the Motion is whether the undisputed facts establish that Imagine Schools and SchoolHouse Finance are separate entities and therefore capable of engaging in an enterprise or entering into a

conspiracy with each other. For the reasons set forth below, the Motion for Partial Summary Judgment is DENIED.

Count VI alleges that Imagine Schools violated RICO, 18 U.S.C. § 1962(c), when it negotiated a lease on behalf Renaissance with SchoolHouse Finance, while concealing from Renaissance that Imagine Schools and Schoolhouse Finance were "sister entities." Renaissance claims the leases, which were negotiated in November 2007 and again in May 2009, required Renaissance to pay above-market rates for the leasing of school buildings and additional costs, fees, and taxes. Count VII alleges Imagine Schools conspired with SchoolHouse Finance to violate § 1962(c).

To establish a § 1962(c) violation, Renaissance must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). For the purpose of its motion for summary judgment, Imagine Schools only challenges Renaissance's ability to meet the "enterprise" element. To meet the "enterprise" element, Renaissance must allege and prove that Imagine Schools and SchoolHouse Finance were "two distinct entities" and not simply the same entity referred to by a different name. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). Imagine Schools argues that as a matter of law, no "enterprise" existed between it and SchoolHouse Finance because at the time the leases were negotiated, SchoolHouse Finance was a wholly owned subsidiary of Imagine Schools. The Eighth Circuit has held that a subsidiary is not sufficiently distinct from its parent company so as to establish § 1962(c)'s requirement of an "enterprise." *Fogie v. THORN Americas, Inc.*, 190 F.3d 889, 898 (8th Cir. 1999). The question before the Court, then, is

whether there is a genuine issue of material fact as to whether SchoolHouse Finance was a wholly owned subsidiary of Imagine Schools during the time Imagine Schools negotiated leases with SchoolHouse Finance on Renaissance's behalf.

I. **Undisputed Facts**

SchoolHouse Finance is a limited liability company formed in Virginia in February 2004. Pursuant to SchoolHouse Finance's Operating Agreement, executed in 2004, the initial members of SchoolHouse Finance were Dennis Bakke and Eileen Bakke. An Amended and Restated Operating Agreement, executed in February 2006, listed Dennis Bakke and Eileen Bakke as sole members. On December 29, 2006, in a document titled "Assignment of Membership Interests," Dennis and Eileen Bakke assigned all of their rights, title, and interest in SchoolHouse Finance to Imagine Schools. [Doc. 11-1, at p. 5]. If SchoolHouse Finance was wholly owned by Imagine Schools and not partially owned by Dennis and Eileen Bakke, it could not engage in an enterprise with Imagine Schools.

Despite the "Assignment of Membership Interests" signed by the Bakkes, which purported to transfer their membership interests to Imagine Schools in December 2006, annual reports filed after December 2006 with three states list the Bakkes and others as limited liability members of SchoolHouse Finance. In January 2008, in a report titled "Limited Liability Company Annual Statement" filed with the State of Michigan, Eileen Bakke is listed as a member of SchoolHouse Finance, LLC. [Doc. 9-2]. In June 2009, in a report titled "Annual List of Manager or Managing Members and Registered Agent of SchoolHouse Finance, LLC," filed with the State of Nevada, Dennis Bakke designated

3

himself, Ken Brown, and Barry Sharp as "Managing Member[s]." [Doc. 61-2]. In May 2010, in a similar report filed with the State of Nevada, Dennis Bakke designated himself, Barry Sharp, and Eileen Bakke as "Managing Member[s]." [Doc. 61-3]. In May 2007, in a report titled "2007 Limited Liability Company Annual Report" filed with the State of Florida, Isabel Berio, Vice President of SchoolHouse Finance and now Imagine Schools' General Counsel, deleted Eileen Bakke as a managing member and appeared to replace Dennis Bakke with Imagine Schools as the managing member. [Doc. 9-1, at p. 1]. In the same report filed in April 2008 by Eileen Bakke, only Imagine Schools was listed as a managing member. *Id.* at 2. In a report filed in May 2009 by Eileen Bakke, it appears Imagine Schools was replaced by Barry Sharp as a managing member and both Ken Brown and Dennis Bakke were added as managing members. *Id.* at 3. In April 2010, Dennis Bakke listed no members of SchoolHouse Finance but listed Barry Sharp as a manager. *Id.* at 4.

In contrast to the reports filed in Michigan, Nevada, and Florida, there are also documents that list Imagine Schools as the sole member of SchoolHouse Finance. Reports titled "Limited Liability Company Annual Report" filed with the State of North Carolina in August 2007 and April 2008-2011 list Imagine Schools as the sole member of SchoolHouse Finance. [Doc. 63-4]. A publicly filed Deed of Trust signed in December 2007 by Barry Sharp, acting as Senior Vice President of SchoolHouse Finance, also lists Imagine Schools as the sole member of SchoolHouse Finance. [Doc. 8-6].[1]

---

[1] Doc. 8-6 only contains the signature pages of the Deed of Trust. The rest of the Deed of Trust can be found in Docs. 8-3 through 8-5.

## II. Discussion

### A. Count VI: Violation of 18 U.S.C. § 1962(c)

Imagine Schools argues that as a matter of law, no "enterprise" existed because at the time the leases were negotiated in November 2007 and again in May 2009, SchoolHouse Finance was a wholly owned subsidiary of Imagine Schools. In support of its argument, Imagine Schools submitted sworn affidavits from Dennis Bakke, Eileen Bakke, Ken Brown, and its general counsel. All affiants state that the Florida filings are erroneous and that as of December 29, 2006, Imagine Schools was the sole member of SchoolHouse Finance. [Docs. 53-2, 53-3, 53-4, 53-5]. General counsel for Imagine Schools submitted a supplemental affidavit which states that both the Nevada and Michigan filings are also erroneous. [Doc. 63-5]. The certified public accounting firm that has performed annual, independent audits of Imagine Schools' financial statements since 2004 also submitted an affidavit. [Doc. 53-1]. The affiant states that from 2007 to the present, Imagine Schools has filed annual tax returns which consolidate SchoolHouse Finance as a wholly owned subsidiary, and the "Internal Revenue Service has acknowledged and accepted SchoolHouse finance's legal status as a wholly owned subsidiary for each year that Imagine Schools has filed its tax returns." [Doc. 53-1, ¶ 6].

However, these affidavits are conclusory. Despite stating that the state filings are erroneous, the affiants fail to explain why the errors occurred, why multiple officers – or perhaps, members – made the errors, why they occurred in multiple states, and why they occurred in multiple years. Further, while the affidavits are under oath, the state filings also required the various filers to attest to the truthfulness of their submission. For

5

example, the Florida filings, signed at different times by Imagine Schools' general counsel, Eileen Bakke, and Dennis Bakke, all state, "I further certify that the information indicated on this report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath . . . ." Only when faced with this litigation did Imagine Schools attempt to contest the accuracy of these documents. Imagine Schools has not produced any evidence to show they attempted to correct these filings at any time prior to this litigation.

Imagine Schools further contends, for the first time in its reply, that the state filings are irrelevant because the legal relationship between Imagine Schools and SchoolHouse Finance can only be modified "by the execution of proper legal documents in accordance with the enabling act of SchoolHouse Finance's domicile state" – Virginia – and the Virginia Limited Liability Company Act. [Doc. 63, at p. 6]. Imagine Schools argues that it was the sole member of SchoolHouse Finance as of December 29, 2006, and that "the Virginia LLC Act does not contain any provision which allows an entity to change its membership or legal status simply by making changes in a state annual report." *Id.* at 7. As a general rule, arguments raised for the first time in a reply brief are not considered. *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006). However, even if Imagine Schools raised the argument earlier, it is unpersuasive. Renaissance does not contend that designating Dennis or Eileen Bakke or Ken Brown as "managing members" or "members" on the state filings made them members or somehow instantaneously changed the membership structure of SchoolHouse Finance; rather,

Renaissance submits the filings to support the inference that at some point after December 2006, the Bakkes and Brown became members of SchoolHouse Finance.

Giving Renaissance the benefit of all reasonable inferences, *Family Snacks of N.C., Inc. v. Prepared Prods. Co., Inc.*, 295 F.3d 864, 866-67 (8th Cir. 2002), a fact finder could reasonably infer from the evidence provided by Renaissance that even if Dennis and Eileen Bakke transferred their membership interest in SchoolHouse Finance to Imagine Schools in December 2006, the Bakkes and others regained a membership interest in Imagine Schools after 2006. Imagine Schools has failed to establish that no genuine issue of material fact exists as to whether SchoolHouse Finance was a wholly owned subsidiary of Imagine Schools during November 2007 and May 2009, and as a result, has failed to show that there is no dispute as to whether an "enterprise" existed between the two companies. Accordingly, Imagine Schools' Motion for Summary Judgment on Count VI is denied.

### B. Count VII: Violation of 18 U.S.C. § 1962(d)

RICO §1962(d) makes is "unlawful for any person to conspire to violate" §§ 1962(a)-(c). Imagine Schools argues Count VII should be dismissed because Renaissance cannot establish a conspiracy under § 1962(c) (Count VI) because SchoolFinance was not a separate entity from Imagine Schools. However, Imagine Schools has failed to prove that no genuine issue of material fact exists as to whether an enterprise existed between Imagine Schools and SchoolHouse Finance, and therefore, Imagine Schools' Motion for Summary Judgment on Count VII is denied.

### III. Conclusion

For the reasons set forth above, Imagine Schools' partial Motion for Summary Judgment on Counts VI and VII, [Doc. 52], is DENIED.

                                                       s/ Nanette K. Laughrey
                                                       NANETTE K. LAUGHREY
                                                       United States District Judge

Dated: June 23, 2014
Jefferson City, Missouri