UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RENAISSANCE ACADEMY FOR MATH )
   AND SCIENCE OF MISSOURI, INC., )
                                         )
   Plaintiff/Counterclaim Defendant, )
                                         )   Case No. 4:13-cv-00645-NKL
v. )
                                         )
IMAGINE SCHOOLS, INC., )
                                         )
   Defendant/Counterclaim Plaintiff. )

**DEFENDANT/COUNTERCLAIM PLAINTIFF IMAGINE SCHOOLS, INC.'S
MOTION TO ALTER OR AMEND JUDGMENT**

    Defendant/Counterclaim Plaintiff Imagine Schools, Inc. ("Imagine Schools"), by and through counsel, moves this Court to alter or amend its Judgment of December 18, 2014, wherein the Court entered judgment in favor of Plaintiff/Counterclaim Defendant Renaissance Academy for Math and Science of Missouri, Inc. ("Renaissance") and against Imagine Schools as to Counts II and III. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and in support of its Motion, Imagine Schools states as follows:

**INTRODUCTION**

- Imagine Schools' Motion does not seek reconsideration of this Court's ruling and Judgment as to Counts I, IV, V, VI, VII or Imagine Schools' counterclaim.

- Imagine Schools' Motion does <u>not</u> seek reconsideration of this Court's determination that Imagine Schools is liable to Renaissance as to Counts II and III of its Complaint[1].

- Imagine Schools does, however, seek reconsideration of the amount of monetary damages awarded to Renaissance on Counts II and III of its Complaint.

## ARGUMENT

### I. STANDARD OF REVIEW

Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or allowing presentation of newly discovered evidence. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). A district court has broad discretion in considering a motion to alter or amend its judgment and Rule 59(e) is intended to clarify the court's power to revisit its own decision when the initial decision was clearly erroneous and would work a manifest injustice. *B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist.*, No. 11-4029-NKL, 2012 WL 5818001, at *1 (W.D. Mo. Nov. 15, 2012). To prevail on a Rule 59(e) motion to alter or amend, the movant must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." *Id.* (*quoting Bannister v. Armontrout*, 807 F.Supp. 516, 556 (W.D. Mo. 1991), *aff'd,* 4 F.3d 1434 (8th Cir. 1993)).

### II. THE DISTRICT COURT MADE AN ERRONEOUS FACTUAL FINDING REGARDING THE AMOUNT THAT RENAISSANCE WAS OVERCHARGED BY SCHOOLHOUSE FINANCE

This Court concluded that Imagine Schools owed fiduciary obligations to Renaissance

---

[1] Imagine Schools reserves its right to appeal the Court's rulings and Judgment as to Counts I, II, III, IV, V and Imagine Schools' counterclaim, but does not seek relief pursuant to Rule 59(e), except as to the amounts awarded under Counts II and III.

when negotiating leases and amended leases with Schoolhouse Finance, LLC ("Schoolhouse Finance") on Renaissance's behalf. In its analysis of these leases, the Court found that both Imagine Schools' and Renaissance's damage experts had deficiencies in their testimony, and that the most reliable damage evidence came from the trial testimony of Barry Sharp (CEO and President of Imagine School). [ECF No. 136, pp. 17-21]. However, the Court erred in calculating the damages owed.

A.   This Court's Calculation of Damages on Counts II and III.

The Court considered Mr. Sharp's testimony as to how Schoolhouse Finance: acquired and renovated the Kensington and Wallace buildings (the two Renaissance campuses); sold the buildings to EPR Properties (a real estate investment trust); leased the buildings back from EPR Properties at an annual rental rate of approximately 10 percent of the total development costs of the properties; and leased the buildings to Renaissance at an annual rate of approximately 12 percent of the total development costs of the properties. [*Id.* at pp. 21-22]. Based on this testimony, the Court concluded that a fair market rate for the two buildings was, at most, 10 percent of the total development costs of the properties. [*Id.* at p. 22].

The Court then relied on Mr. Sharp's testimony that the total development costs of the properties were approximately $12.2 million. The Court found that Schoolhouse Finance paid EPR Properties an annual rental rate of approximately $1,220,000 per year, calculated by the Court using an annual rate of 10 percent of the $12.2 million development costs, over the forty-six month period of the leases and amended leases, for a total of $4,676.600. [*Id.*]. Further, the Court found that Renaissance paid Schoolhouse Finance rental amounts totaling $5,612,000 over the forty-six month period at issue, calculated by the Court using an annual rental rate of 12 percent of the $12.2 million development costs. The Court noted the testimony of Renaissance's

- 3 -

accounting expert, Julia Mast, and her statement that "her records [on rental amounts paid] were incomplete because she was unable to get some documentation from Imagine Schools, particularly for the first few months of rent." [*Id.*].

Finally, the Court concluded that the difference in these two rental rates—$935,400—was the amount that Renaissance was overcharged by Schoolhouse Finance, the wholly owned subsidiary of Imagine Schools, and was the amount owed by Imagine Schools as damages for Counts II and III of Renaissance's Complaint.

    **B.    Even Applying this Court's Calculation of Damages, the Evidence in the Record Supports a Damages Award of No More Than $804,898.**

Renaissance's Annual Financial Statements and Supplementary Information (independently audited) for each of the fiscal years in question were introduced in evidence at trial. A review of those audited financial statements shows that Renaissance remitted the following sums in annual rent to Schoolhouse Finance over the forty-sixth month lease and amended lease periods for the Kensington and Wallace properties:

| | | |
|---|---|---|
| **Fiscal Year Ending June 30, 2008** | 9/1/07 – 6/30/08 (10 months) | $979,751 |
| **Fiscal Year Ending June 30, 2009** | 7/1/08 – 6/30/09 (12 months) | $1,379,876 |
| **Fiscal Year Ending June 30, 2010** | 7/1/09 – 6/30/10 (12 months) | $1,571,244 |
| **Fiscal Year Ending June 30, 2011** | 7/1/10 – 6/30/11 (12 months) | $1,550,627 |
| **Total:** | **46 months** | **$5,481,498** |
| **Difference in amount due under ten percent annual rental rate versus amount paid by Renaissance:** | | $5,481,498<br>--- $4,676,600<br>_____<br>$ 804,898 |

[Trial Ex. Nos. P013, at pp. 9 & 20; D021, at pp. 20 & 23; D022, at pp. 19 & 23; and D023, at p. 10]. By their terms, the lease agreements for the Kensington and Wallace buildings began on September 1, 2007. [Trial Ex. Nos. P003 and P004]. Renaissance admits that the management contract between it and Imagine Schools terminated as of June 30, 2011. [ECF No. 1, ¶ 8].

- 4 -

Thus, the Court properly considered the 46 month period from September 1, 2007, through June 30, 2011, in calculating any overpayment of rent.

It is clear from Renaissance's Annual Financial Statements and Supplementary Information (independently audited) for fiscal years ending June 30, 2008 through June 30, 2011 that Renaissance paid Schoolhouse Finance rental amounts totaling $5,481,498 over the forty-six month period at issue, not $5,612,000 as calculated by the Court. The difference between the rental amounts actually paid by Renaissance ($5,481,498) and the amount Renaissance would have paid had it been charged an annual rental rate of 10 percent of the $12.2 million development costs ($4,676,600) is **$804,898**. Therefore, the Court made a manifest error of fact in ruling that Renaissance is entitled to $935,400 in damages as to Counts II and III. *See In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (a "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record"); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 531 F. Supp. 2d 82, 91-92 (D.D.C. 2008) (damages award may be reduced under a Rule 59(e) motion to alter or amend when it is apparent that certain identifiable sums were included in the verdict that should not have been there and when "damages include[d] an impermissible component that can be identified and calculated with precision'").

The uncontroverted evidence supports a $130,502 reduction in this Court's award of damages as to Counts II and III from $935,400 to $804,898.

### III.  THE DISTRICT COURT SHOULD ALTER OR AMEND ITS JUDGMENT AS TO COUNTS II AND III TO PREVENT A MANIFEST INJUSTICE

A district court has the power to revisit its prior decisions when the initial decision was "clearly erroneous and would work a manifest injustice." *Innovative Home Health Care, Inc.*, 141 F.3d 1284 at 1288. A "manifest injustice" is defined as "an error in the trial court that is

direct, obvious, and observable." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. at 683.

Based on the evidence presented at trial with respect to the rental amounts actually paid by Renaissance over the forty-sixth months at issue, and this Court's findings as to the most reliable damage evidence, it would be manifestly unjust if the computation of Renaissance's award of damages as to Counts II and III was not altered or amended to accurately reflect that evidence.

## CONCLUSION

For the foregoing reasons, Defendant/Counterclaim Plaintiff Imagine Schools, Inc. respectfully requests the Court grant this Motion and partially vacate that portion of the December 18, 2014 Judgment related to Counts II and III, alter or amend its Judgment as to Counts II and III, award an amount not to exceed $804,898 to Plaintiff/Counterclaim Defendant Renaissance Academy for Math and Science of Missouri, Inc., and grant such further relief deemed just.

Respectfully submitted,

THOMPSON COBURN LLP

By  /s/ Jan Paul Miller
Jan Paul Miller, MO #58112
Booker T. Shaw, MO #25548
Felicia R. Williams, MO #63321
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101-1693
(314) 552-6365
(314) 552-7365 (facsimile)
jmiller@thompsoncoburn.com
bshaw@thompsoncoburn.com
fwilliams@thompsoncoburn.com

*Attorneys for Defendant/Counterclaim Plaintiff Imagine Schools, Inc.*

# CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the foregoing was filed using the Court's ECF filing system and thereby served on the following counsel of record on this the 15th day of January, 2015:

Keith A. Cutler
Dana Tippin Cutler
James W. Tippin
Charnissa E. Holliday-Scott
21 West Gregory Blvd.
Kansas City, MO 64114-1105
(816) 471-8575
(816) 421-0243 (facsimile)
kcutler@tippinlawfirm.com
dtcutler@tippinlawfirm.com
jwtippin@tippinlawfirm.com
chollidayscott@tippinlawfirm.com

*Attorneys for Plaintiff/Counterclaim Defendant*
*Renaissance Academy for Math and Science*
*of Missouri, Inc.*

/s/ Jan Paul Miller